1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CAROLYN JEAN CONBOY, D.O.,                )
                                          )
              Plaintiff,                   )          Case No.  2:11-cv-01649-JCM-CWH
                                          )
vs.                                       )
                                          )
                                          )
WYNN LAS VEGAS, LLC *et al.*,              )          **ORDER**
                                          )
              Defendants.                  )
_____)

       This matter is before the Court on Plaintiff's Emergency Motion to Compel Discovery and Request for Sanctions (#68), filed on April 30, 2012.  The Court conducted a hearing on this motion on May 29, 2012 (#74).

       At the hearing, the Court noted that  Rule 33(b)(4) provides that untimely objections are waived unless for good cause the Court excuses the failure.  Although the responses to the requests for Interrogatories and third set of requests for Production of Documents were a day late, it was reasonable for Defendants to expect that a short extension would be granted to respond to 11 interrogatories and 41 requests for the production of documents in the context of this litigation, and they immediately responded when the extension was not approved.  The Court finds good cause to excuse the delay in responding and does not deem the objections waived.

       As to the second set of requests for the Production of Documents, the Court finds that because there was some uncertainty as to the due date of the discovery, it was reasonable for Defendants to submit all the responses at one time even though several requests had been modified after the initial request.  While the parties should have discussed the due date of such responses, the Court nevertheless finds that the delay is excused and the objections were not waived.

       Further, the Court ruled on the specific matters in Plaintiff's motion to compel as follows:

1.     Request for Interrogatory No. 1 is denied, as there is nothing further to compel.

2.      Request for Interrogatory No. 2 is denied, as Defendants' objection to vagueness is sustained.

3.      Request for Interrogatory No. 3 is denied at this juncture, as Defendants' objection to vagueness is sustained.  **The Court directs Defendants to submit a draft of a protective order to Plaintiff.  Parties shall meet and confer and attempt to agree to terms and submit a proposed protective order to the Court within ten days.**  If parties cannot agree, the Court shall resolve the terms of protective order.

4.      Request for Interrogatory No. 4 is denied, as Defendants' response is sufficient given vagueness of question.

5.      Request for Interrogatory No. 5 is denied, as Defendants' response is sufficient.

6.      Request for Interrogatory No. 6 is denied.

7.      Request for Interrogatory No. 7 is denied, as Defendants' response is sufficient.

8.      Request for Interrogatory No. 8 is denied, as Defendants' response is sufficient.

9.      Request for Interrogatory No. 11 is granted to the extent the information is in the possession of Defendants.

10.     Request for Production No. 28 is denied, as Defendants' objection on vagueness is sustained.

11.     Request for Production No. 29 is denied, as Defendants' objection on vagueness is sustained.

12.     Request for Production No. 37 is denied.

13.     Request for Production No. 38 is denied.

14.     Request for Production No. 70 is granted.  Defendants shall produce an appropriate floor plan subject to the forthcoming protective order.

15.     Request for Production No. 75 is denied.

16.     Request for Production No. 76 is granted.  Defendants' objections on broadness are sustained; however, Defendants shall produce the training manual subject to the forthcoming protective order.

17.     Request for Production No. 77 is granted.  Defendants' objections are overruled, subject to

the forthcoming protective order.  Defendants shall produce the requested file within 10 days.

18.     Request for Production No. 78 is denied.

19.     Request for Production No. 80 is denied, as Defendants represent there is nothing to produce.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel Discovery and Request for Sanctions (#68) is **granted in part and denied in part**, as stated at the hearing on this motion and detailed above.

**IT IS FURTHER ORDERED** that Plaintiff's Request for Sanctions is **denied**.

**IT IS FURTHER ORDERED** that a protective order shall be submitted to the Court within **ten days**.

**IT IS FURTHER ORDERED** that answers shall be due within **ten days**.  Those answers which are dependent on the protective order shall be due within **five days** of the entry of the protective order.

DATED this 30th of May, 2012.

_____
C.W. HOFFMAN, JR.
United States Magistrate Judge

3