UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN JEAN CONBOY, D.O., ) | |
| ) | |
| Plaintiff, ) | Case No. 2:11-cv-01649-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| WYNN LAS VEGAS, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Plaintiff's Application for Attorney Fees (#89), filed on June 22, 2012. The Court also considered Defendants' Response (#91), filed on June 27, 2012, and Plaintiff's Reply (#92), filed on June 27, 2012.

## BACKGROUND

On June 22, 2012, the Court held a hearing on Plaintiff's Second Emergency Motion to Compel Discovery (#84) and Motion for Sanctions (#85) in which it considered arguments from counsel for all parties. The Court denied the Second Emergency Motion to Compel Discovery as moot and granted the Motion for Sanctions. In doing so, the Court ordered Plaintiff to submit an Application for Costs and Fees by June 29, 2012. Per the Court's order, Plaintiff filed an Application for Attorney Fees on June 22, 2012. Plaintiff's counsel, Robert J. Kossack ("Kossack") requests $2,982.30 in costs and fees based on an hourly rate of $350 and 8.5 hours of work. *See* #92, 5. In response, Defendants assert that the requested amount of costs and fees is unreasonable because the hourly rate and time charged are excessive, the award would be unjust, and a determination of fees should be made at the conclusion of this matter.

## DISCUSSION

**A.    Sanctions Pursuant to Rule 37**

Federal Rule of Civil Procedure 37(a)(5)(A) states, "[T]he court must, after giving an

opportunity to be heard, require the party . . . whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." An award of expenses is not appropriate if: (1) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action, (2) the opposing party's non-disclosure, response, or objection was substantially justified, or (3) other circumstances make an award of expenses unjust. Fed. R. Civ. P. 37(a)(5)(A)(i-iii). The burden is on the losing party to affirmatively demonstrate that its discovery conduct was substantially justified. *See* Adv. Comm. Notes to 1970 Amendment to former Fed. R. Civ. P. 37(a)(4). Discovery conduct is "substantially justified if it is a response to a 'genuine dispute or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Continental American Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

Defendants contend that the good faith and unjust exceptions apply to this situation. They allege that Kossack did not engage in a good faith attempt to resolve the discovery dispute prior to filing the Motion to Compel. Indeed, Defendants highlight the fact that they produced the unredacted security manual the day after Kossack notified them of the issue and his intent to file the Motion to Compel. They also claim that they requested that Kossack wait to file the Motion to Compel for a day so that they could have time to discuss the issue with the attorney assigned to the case. In reply, Kossack contends that the Motion to Compel was necessary given that the Court has previously ordered Defendants to produce the entire security manual. The Court recognizes the speed with which Defendants produced the unredacted security manual, but the Court previously ordered Defendants to produce the document by June 11, 2012 subject to the protective order. *See* Order #76, 2-3. Additionally, the Court notes that discovery closed on June 15, 2012, which is prior to the date that Plaintiff filed the Second Motion to Compel; as such, Defendants had sufficient notice of their obligation to produce the unredacted security manual. Accordingly, Defendants have not demonstrated that Plaintiff acted in bad faith or that an award of fees would be unjust. Therefore, the Court finds that Plaintiff is entitled to attorney fees pursuant to Rule 37(a)(5)(A).

Additionally, the Court is not convinced by Defendants' argument that the award should be stayed pending the conclusion of the case.  This award is based on a discovery dispute that occurred in June 2012.  Defendants' rationale that it is likely to prevail at trial and any monetary sanction would be offset at that time is not a persuasive reason to stay the Court's decision on this sanction.

### B. Reasonableness of the Fee Request

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of fees.  *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).  Courts typically follow a two-step process.  *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).  First, the Court must calculate the lodestar amount "by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate."  *Id.*  Second, the Court "may adjust the lodestar upward or downward using a 'multiplier' based on factors not subsumed in the initial calculation."  *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).  Some of the relevant factors are: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and results obtained, (9) the experience, reputation, and ability of the attorney, (10) the undesirability of the case,[1] (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.  *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976); *see also Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).  In most cases, the lodestar figure is a presumptively reasonable fee award.  *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008).

### 1. Reasonable Hourly Rate

The Supreme Court has held that reasonable attorney fees must "be calculated according to

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992).  *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated in part on other grounds,* 984 F.2d 345 (9th Cir. 1993) (suggesting *Dague* casts doubt on the relevance of "undesirability" to the fee calculation).

the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). The relevant community consists of the forum in which the case is pending. *Camacho*, 523 F.3d at 978. The court may consider rates outside the forum if local counsel was unavailable because they lacked the degree of experience, expertise, or specialization required to properly handle the case. *Id.* (*citing Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)). Additionally, the court must consider the market rate in effect within two years of the work performed. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003). The fee applicant has the burden of producing satisfactory evidence that "the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* Such evidence may include affidavits of the fee applicant's attorneys, affidavits of other attorneys regarding prevailing fees in the community, and rate determinations in other cases. *Camacho*, 523 F.3d at 980 (*citing United Steel Workers of Am. v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)).

Kossack seeks fees based on an hourly rate of $350. Kossack's Affidavit states that he has been practicing law in Nevada for nearly 26 years and $350 has been his hourly rate for the last seven years. *See* Affidavit #89, 2. Defendants contend that this case is not a complex case and does not warrant such a high hourly billing rate. They allege that the rate charged by their seasoned trial attorney is $250 per hour. In reply, Kossack asserts that $350 is reasonable given his reputation and fee agreement structure. Additionally, Kossack contends that this has been his rate for the last seven years for domestic, criminal, and contractual matters. After careful consideration, the Court finds the hourly rate of $350 reasonable for this forum given Kossack's experience. *See Incorp. Services, Inc. v. Nevada Corporate Services*, No. 2:09-cv-01300-RCJ-CWH (#60) (finding $400 reasonable for an attorney with eleven years of experience and $350 reasonable for an attorney with eight years of experience).

### 2. Reasonable Hours Expended

In addition to evidence supporting the rates claimed, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433; *see also Jordan*, 815 F.2d at 1263. "Where the documentation of hours is inadequate, the district court may reduce

the award accordingly." *Hensley*, 461 U.S. at 433.  "The district court also should exclude from this initial fee calculation hours that were 'not reasonably expended'." *Hensley*, 461 U.S. at 433-34 (citation omitted).  "In other words, the court has discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case." *Edwards v. Nat'l Business Factors, Inc.*, 897 F. Supp. 458, 460 (D. Nev. 1995) (quotation omitted); *see also Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992). In cases where the motion is granted in part and denied in part, the Court may apportion the reasonable expenses for the motion.  Fed. R. Civ. P. 37(a)(5)(c).

      Kossack requests $2,982.30 in costs and fees based on an hourly rate of $350 and 8.5 hours of work.  Defendants contend that the hours claimed are excessive for several reasons and should be reduced to 3.1 hours.  First, Defendants allege that 1.1 hours spent reviewing the redacted security manual should be discounted to 0.5 because the redacted portions were set forth in the privilege log.  Plaintiff contends that no privilege log was received and Defendants' Amended Fourteenth Supplemental Disclosure of Witnesses and Documents omits the privilege log. *See* Response #91-2, 16.  The Court agrees that 1.1 hours spent reviewing the redacted security manual was excessive especially given that Kossack only spent 0.2 hours in a telephone conference with Defense counsel and staff.  Kossack should have devoted more time to resolving the dispute with Defense counsel prior to bringing the Motion to Compel.  Also, the Court finds that documentation of how much time was spent on reviewing the redacted manual as opposed to composing the letter to Defense counsel was inadequate.  Therefore, it will reduce the award by 0.6 hours and $210.

      Second, Defendants assert that 2.1 hours spent drafting the motion should be discounted to 1.1 because "it was largely a cut and past[e] job from Plaintiff's prior motion to compel." Response #91, 3.  Plaintiff contends that only one page was take from a previously written letter. The Court finds that 2.1 hours is excessive given the simple nature of this dispute and will reduce the award by 1.1 hours and $385.  Third, Defendants request that the 1.0 hours for reviewing opposition and preparing for oral argument should be discounted to 0.4 hours because Plaintiff's Counsel's argument was unnecessary and unproductive.  Plaintiff argues that his preparatory effort for the hearing was necessary.  The Court agrees that 1.0 hours spent in preparation and attendance of the June 22, 2012 hearing was reasonable.  Finally, Defendants contend that the 1.0 hours

requested in anticipation of arguing this fee application should be eliminated.  The Court agrees that the requested award should be reduced by $350 as no oral argument was required.  Also, Plaintiff spent 1.3 hours on the reply.  The Court finds that this amount of time was excessive given the simple nature of the dispute and will reduce the award by 0.3 and $105.  Accordingly, the Court grants Plaintiff an award of $2,457.30 for seven hours of work and $7.30 in costs.

Based on the foregoing and good cause appearing therefore,

**IT IS HEREBY ORDERED** that Plaintiff's Application for Attorney Fees (#89) is **granted**.  Defendants shall pay Plaintiff the total sum of **$2,457.30** by **January 7, 2012**.

DATED this 7th day of December, 2012.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**