UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN JEAN CONBOY, D.O., <br><br> Plaintiff, <br><br> v. <br><br> WYNN LAS VEGAS, LLC, dba ENCORE AT WYNN LAS VEGAS, et al., <br><br> Defendants. | 2:11-CV-1649 JCM (CWH) |

**ORDER**

Presently before the court is defendants Wynn Las Vegas, LLC and Tammy Rogers' motion for reconsideration. (Doc. # 118). Plaintiff Carolyn Jean Conboy replied. (Doc. # 123). Defendants responded. (Doc. # 126).

**I.     Procedural background**

Defendants seek reconsideration of this court's order granting in part and denying in part defendants' motions for summary judgment. (*See* doc. # 116). In the order, the court declined to grant summary judgment in favor of defendants except for plaintiff's causes of action for negligence per se and invasion of privacy. (*See id.*).

**II.    Legal standard**

Defendants move for reconsideration under Federal Rules of Civil Procedure 54(b), 59(e), and 60(b). Provided the circumstances under which this motion is brought, the court finds that the

**James C. Mahan**
**U.S. District Judge**

1  appropriate standard to be Fed. R. Civ. P. 54(b).

2  Fed. R. Civ. P. 54(b) provides that any interlocutory order "may be revised at any time before the entry of a judgment adjudicating all claims and all the parties' rights and liabilities." Accordingly, "[w]here reconsideration of a non-final order is sought, the court has inherent jurisdiction to modify, alter or revoke it." *Goodman v. Platinum Condo. Dev., LLC*, 2:09-CV-00957-KJD, 2012 WL 1190827, at *1 (D. Nev. Apr. 10, 2012); *see also City of Los Angeles, Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (a district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient."); *United States v. Martin*, 226 F.3d 1042, 1049 (9th Cir. 2000); *Glavor v. Shearson Lehman Hutton, Inc.*, 879 F.Supp. 1028, 1032 (N.D.Cal. 1994) ("District courts are authorized to reconsider interlocutory orders at any time prior to final judgment.")

"Reconsideration may be appropriate if a district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) there has been an intervening change in controlling law." *Petrocelli v. Baker*, 3:94-CV-0459-RCJ-VPC, 2011 WL 4737061 (D. Nev. Oct. 5, 2011); *see also Nunes v. Ashcroft*, 375 F.3d 805, 807–08 (9th Cir. 2004); *School Dist. No. IJ, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

**III.    Discussion**

Defendants argue that court should reconsider its order because it committed clear error. Defendants have not cited, and the court could not find, Ninth Circuit authority defining the standard for clear error. *See Campion v. Old Republic Home Prot. Co., Inc.*, 09-CV-748-JMA NLS, 2011 WL 1935967 (S.D. Cal. May 20, 2011). Defendants do however, cite to a Fifth Circuit case that holds that "[t]o be clearly erroneous, a decision must [be] more than just maybe or probably wrong; it must be dead wrong." *Hopwood v. Texas*, 236 F.3d 256, 272-73 (5th Cir. 2000). Specifically, defendants argue that the court's order was "clearly erroneous because it failed to address legal issues asserted and/or failed to apply the facts of this case to the applicable legal standard." (Doc. # 118, 7:6-7). Defendants rely on a district court case for the proposition that clear error exists when the court fails

1    to address a particular legal issue raised by the moving party. *See In re Novatel Wireless Sec. Litig.*,
2    08CV1689 AJB RBB, 2012 WL 2499001, at *2 (S.D. Cal. June 27, 2012).

3          Having reviewed *In re Novatel Wireless*, the court disagrees with defendants'
4    characterization of this case. The case does not appear to reach as far as defendants state. Regardless,
5    a decision by another district court is not binding on this court. Since this serves as the only basis
6    upon which defendants move for reconsideration, the court does not find that defendants have met
7    the exacting standard to establish clear error to warrant reconsideration.

8          However, for the purposes of streamlining issues at trial, the court takes this opportunity to
9    clarify its order.

10         **A.**    **Establishing standard of care or breach without an expert**

11         Defendants argue that the court did not make mention of whether the standard of
12   reasonableness applicable to the professional judgment of the Wynn's security staff requires expert
13   testimony. The court, in deciding a motion for summary judgment, need only discuss those issues
14   that are relevant to the matter at hand. The court did not find it necessary to address these arguments
15   for the purposes of deciding defendant's motion for summary judgment.

16         To the extent that defendants argue that they and plaintiff are in the dark as to the court's
17   ruling on this issue–the court notes that defendants have filed a motion in limine seeking resolution
18   of precisely this same issue. That is the proper forum for such discussion.

19         **B.**    **Punitive damages**

20         Defendants argue that Wynn security personnel acted reasonably and within the standard of
21   care and that, as such, could not be deemed to have acted with the requisite malice, conscious
22   disregard, or oppression required to reward punitive damages. Defendants state that the court's
23   summary judgment order did not address this issue and thus committed clear error.

24         However, defendants' own argument concedes that the court's treatment of the punitive
25   damages claim was appropriate. Provided that the court never concluded that Wynn security
26   personnel acted reasonably, there remains a genuine issue of material fact as to this issue. As such,
27   granting summary judgment as to the punitive damages claim would have been improper.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

### C. Malicious prosecution

Defendants argue that the order is silent as to whether plaintiff met her burden to demonstrate that there was a genuine issue of material fact as to whether she could meet the element of malice as required for a cause of action for malicious prosecution.

Once again, defendants fail to follow the logical implication of the court's analysis. The order specifically stated "[p]roof of a lack of probable cause may denote malice." (Doc. # 116, 9, 11-12). And the court concluded that there was a genuine issue of material fact as to whether Wynn security had probable cause to detain plaintiff under a belief that she had defrauded an innkeeper.[1]

The logical implication then follows that there remains a genuine issue as to whether there was probable cause to initiate criminal proceedings against plaintiff. *See Chapman v. City of Reno*, 455 P.2d 619, 620 (Nev. 1969). This genuine issue necessarily effects whether malice existed. This issue did not need to be addressed for the court to reach its conclusion that summary judgment in favor of defendants was improper.

### D. Battery

Defendants argue that the court's treatment of *Billingsley v. Stockmen's Hotel, Inc.* improperly excluded the Wynn security staff's conduct from the definition of reasonableness afforded to hotel staff who evict trespassers. 111 Nev. 1033 (1995). Defendants argue that there is no meaningful distinction between using physical force to eject a trespasser and using physical force to arrest and eject a trespasser. While defendants may disagree with the court's understanding of this case, that is not reason for the court to revisit its conclusion. Defendants cite no case applying *Billingsley* to similar facts as this case presents. Further, it is not even clear that at the time plaintiff was grabbed by officer Rogers that she was characterized as a trespasser.

---

[1] Defendants seem to think that the court "*for reasons unknown* limited its analysis of probable cause to the issue of defrauding an innkeeper because that was what plaintiff was arrested for" (doc. # 118, 10 n.4) (emphasis added). The court refers defense counsel to the elements for malicious prosecution to clarify any difficulty defense counsel finds with the court's analysis. (Under Nevada law, the plaintiff must satisfy four elements to make out a prima facie case for malicious prosecution: (1) want of probable cause to initiate the prior criminal proceeding; (2) malice; (3) termination of the prior criminal proceedings; and (4) damage. *Chapman v. City of Reno*, 455 P.2d 619, 620 (Nev. 1969); *see also Jordan v. Bailey*, 994 P.2d 828, 834 (Nev. 1997)). That is, probable cause is *directly* related to the initiation of criminal proceedings.

**James C. Mahan**
**U.S. District Judge**

- 4 -

### E. Negligence/conversion

At the time defendants moved for summary judgment, defendants inadvertently excluded the affidavit of Trish Mathieu to authenticate the Wynn's Lost & Found returned item report. Defendants have now submitted the once omitted affidavit and request the court to consider the returned item report as it relates to plaintiff's negligence/conversion cause of action. Defendants argue that evidence of what was in fact inventoried is crucial to their argument that plaintiff's chips and cash were not taken.

The court, in fairness, considers the returned item report now that it has been properly authenticated. *See Orr v. Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *see* doc. 118, Ex. A. However, as the court stated in its previous order, "[e]vidence of what was logged in the returned item report would not defeat plaintiff's claim if based on [the] contention [that her cash and chips were not inventoried]." (Doc. # 116, 12:7-9).While the returned item report outlines the chips that *were* inventoried, that does not extinguish plaintiff's claim that chips and cash that were taken *were not* inventoried.

Further, the evidence relied on by defendant does not establish that there is no genuine issue of material fact as to this issue. A declaration establishing that plaintiff lost $800.00 prior to walking away from the gaming tables before being arrested (*see* doc. # 98, ex. J), does not refute plaintiff's claim that the cash and chips taken from her were not inventoried.

. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .
. . .

James C. Mahan
U.S. District Judge

- 5 -

**IV.    Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants Wynn Las Vegas, LLC and Tammy Rogers' motion for reconsideration (doc. # 118) be, and the same hereby is, DENIED.[2]

DATED April 10, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] The court acknowledges the numerous pending motions in limine. The parties can expect an order from the court resolving these issues on or before calendar call.