UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CAROLYN JEAN CONBOY, D.O., | 2:11-CV-1649 JCM (CWH) |
| Plaintiff, | |
| v. | |
| WYNN LAS VEGAS, LLC, dba ENCORE AT WYNN LAS VEGAS et al., | |
| Defendants. | ORDER |

Presently before the court is plaintiff Carolyn Jean Conboy's motion in limine. (Doc. # 139). Defendants Wynn Las Vegas, LLC and Tammy Rogers responded (doc. # 146), plaintiff replied (doc. # 155).[1]

**I.     Legal standard**

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41 n.4 (1980). Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates,* 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion").

---

[1] Plaintiff filed an erratum to the reply. (*See* doc. # 156).

**James C. Mahan**
**U.S. District Judge**

1  "[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind
2  during the course of a trial." *Ohler v. United States,* 529 U.S. 753, 758 n.3 (2000); *accord Luce,* 469
3  U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence
4  unfolds in an unanticipated manner). "Denial of a motion in limine does not necessarily mean that
5  all evidence contemplated by the motion will be admitted at trial. Denial merely means that without
6  the context of trial, the court is unable to determine whether the evidence in question should be
7  excluded." *Indiana Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004).

**II.    Discussion**

The court will address only those facts which are pertinent to resolution of the instant motion in limine.

**A.      Request 1 - Prior police involvement with Conboy and her husband**

Plaintiff seeks to exclude Los Angeles Police Department ("LAPD") records that document prior domestic incidents.[2] (*See* doc. # 125, Exs. 152-156). Plaintiff argues that this evidence will prejudice the jury under Federal Rule of Evidence ("FRE") 403, is irrelevant under FRE 401/402, and is hearsay under FRE 801.

Defendants argue that this evidence is highly relevant to plaintiff's reputation and whether an arrest of plaintiff constitutes a defamatory statement given her prior arrest record. The court agrees, whether plaintiff has been previously arrested is highly probative of whether the arrest in the present incident qualifies as a "defamatory" statement.

Further, defendants argue, and the court agrees, that the LAPD records are relevant to plaintiff's alleged damages. Even though damages for a slander per se claim are presumed; "an award of presumed general damages must still be supported by competent evidence but not necessarily of the kind that 'assigns an actual dollar value to the injury.'" *Bongiovi v. Sullivan*, 122 Nev. 556, 577 (2006) (citation omitted). This information is relevant for the jury to determine the

---

[2] Consistent with the parties' view of the facts throughout litigation, and underlining why summary judgment was improper, it is unclear whether plaintiff was arrested in these previous domestic incidents. (*See* doc. # 139, 2:22-23*; see* doc. # 146, 9:5-6).

**James C. Mahan
U.S. District Judge**

- 2 -

amount of damage plaintiff's reputation sustained.[3]

Plaintiff's first request is DENIED.[4]

### B. Request 2 - Conboy prescribing Xanax to her husband

Plaintiff seeks to exclude plaintiff's prescription of medication to her husband, John Krawiec. (*See* doc. # 125, Exs. 162, 166, 172, 179). Plaintiff agues that this evidence is irrelevant under FRE 401/402 and more prejudicial than probative under FRE 403.

First, defendants argue that evidence of plaintiff prescribing medication to Krawiec is relevant to whether plaintiff was the proximate cause of the events in question and the damage to the room. Specifically, defendants argue that plaintiff's act of prescribing medication was a "substantial factor" in bringing about the harm at issue. Defendants point to evidence that demonstrates that it was a combination of alcohol and Xanax that plaintiff prescribed Krawiec that caused him to become "out of his mind" and severely injured himself and cause damage to the room. Being a doctor, defendants argue, plaintiff knew of should have known that this combination would have caused Krawiec to act in this manner.

Proximate cause is demonstrated where the "natural and probable" consequence of an act that ought to have been foreseen in light of the circumstances. *Van Cleave v. Kietz-Mill Minit Mart*, 97 Nev. 414, 416 (1981). The court does not find it foreseeable that plaintiff's act of prescribing Xanax to an adult, who mixed his medication with alcohol, would cause damage to the hotel room and injure himself in a manner that raised questions about whether plaintiff was involved in a domestic dispute.

Second, defendants argue that plaintiff did not maintain records of the prescriptions she wrote for herself and Krawiec; that plaintiff prescribed medicine for Krawiec even though he was not under

---

[3] The court acknowledges that plaintiff argues that the police records are hearsay. However, these documents are admissible hearsay under FRE 803(6) and (8). *United States v. Pazsint*, 703 F.2d 420, 424-25 (9th Cir. 1983). However, these exceptions do not apply to out of court statements of third persons contained in the police report. *Id.* Any concerns regarding out of court statements in the reports will be resolved at trial.

[4] The court notes that plaintiff argues that several of the police reports do not mention plaintiff or Krawiec. Only those reports that name plaintiff or have some reliable connection to plaintiff will be admitted. Any argument regarding a particular report's relevance may be made at the time such a report is moved into evidence.

James C. Mahan
U.S. District Judge

- 3 -

her care; and that she prescribed medication for herself all in violation of California law. Defendants contend that this is relevant to her credibility and her reputation as doctor.

The court does not find plaintiff's conduct in writing and maintaining prescriptions in compliance with California law relevant to her reputation as a doctor. While plaintiff's reputation and standing as a doctor are a central issue in this case–pharmacy records and records produced from plaintiff's medical office do not establish what people in the community think about plaintiff.[5]

However, the court does find this evidence relevant to plaintiff's credibility as a witness.[6] Because this evidence may be relevant for the limited purpose of credibility, exclusion is not proper before trial.

Plaintiff's second request is GRANTED in part and DENIED in part.

**C.    Request 3 - Conboy's banking records**

Plaintiff seeks to exclude plaintiff's bank credit card records with the exception of two cash advances made the night of the incident totaling $500.00. (*See* doc. # 125, Exs. 159, 161, 167, 175, 176). Plaintiff agues that this evidence is irrelevant under FRE 401/402 and more prejudicial than probative under FRE 403.

Defendants retort that plaintiff has failed to adequately demonstrate the basis and methodology for her financial damage claim. On this basis, defendants contend that they have no other choice but to claim that all of the plaintiff's banking information is potentially relevant.

Plaintiff responds that her financial damages claim is limited to $500 for (1) the cost of the trip to Las Vegas to attend the justice court arraignment and (2) her lost time from work to make this trip. Plaintiff also represents that she does not plan to introduce any of her financial records. Based on plaintiff's representations and provided that these exhibits relate to plaintiff's federal tax return

---

[5] Last, defendants also argue that plaintiff's use of medical marijuana that she prescribed to another person qualifies as impeachment evidence and goes to her personal and professional reputation, which plaintiff has put in dispute in this litigation. The court does not finds that any of the documents listed in exhibits 162, 166, 172, and 179 have any bearing on plaintiff's alleged use of another person's marijuana. This argument is not relevant to the documents at issue in plaintiff's motion.

[6] However, impeachment of a witness's truthfulness based on specific acts is limited by the Federal Rules of Evidence. *See* FRE 608(b).

**James C. Mahan**
**U.S. District Judge**

- 4 -

and banking records, the court finds these exhibits irrelevant.

Plaintiff's third request is GRANTED.

### D.     Request 4 - Defendants' expert opinion

Plaintiff argues that defendants' expert witness, Tommy J. Burns, should not be permitted to testify because (1) he will usurp the function of the court in instructing the jury what the law is, (2) he will weigh on the credibility of evidence, (3) he will tell the jury which conclusion to reach, (4) the jury is able to determine the factual issues without his bias, (5) some of his opinion testimony is couched as legal conclusions, and (6) the subjects on which he renders an opinion do not require any specialized understanding and are within the average juror's common sense, experience, and education.

Defendants respond that they do not object to an order limiting Burns' testimony or to a clarifying instruction to the jury as to how his testimony is to be viewed. Defendants also argue that FRE 704 permits opinion on an ultimate issue. The court agrees. Defendants are permitted to present expert opinion as to whether its security personnel acted in conformance with industry and professional standards.

Plaintiffs' fourth request is DENIED.

### E.     Request 5 - Defendants' damages

Plaintiff argues that since the cost of repair to the room is an estimate that has changed several times and because defendants and did not make a counterclaim to offset the cost to fix the room, defendants should not be able to assert damage to the room as an offset or counterclaim.

Plaintiff has not cited any legal authority justifying this request; thus, the court declines to exclude evidence of defendants' damages to offset plaintiff's damages.

Plaintiff's fifth request is DENIED.

### IV.    Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED plaintiff Carolyn Jean Conboy's motion in limine (doc. # 139) be, and the same hereby is, GRANTED in part and DENIED

James C. Mahan
U.S. District Judge

in part.

THEREFORE IT IS ORDERED that plaintiff's first request be, and the same hereby is, DENIED consistent with section II.A., *supra*.

THEREFORE IT IS ORDERED that plaintiff's second request be, and the same hereby is, GRANTED in part and DENIED in part consistent with section II.B., *supra*.

THEREFORE IT IS ORDERED that plaintiff's third request be, and the same hereby is, GRANTED consistent with section II.C., *supra*.

THEREFORE IT IS ORDERED that plaintiff's fourth request be, and the same hereby is, DENIED consistent with section II.D., *supra*.

THEREFORE IT IS ORDERED that plaintiff's fifth request be, and the same hereby is, DENIED consistent with section II.E., *supra*.

DATED April 18, 2013.

_____
**UNITED STATES DISTRICT JUDGE**