UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

CAROLYN JEAN CONBOY, D.O.,

    Plaintiff,

v.

WYNN LAS VEGAS, LLC, dba ENCORE AT WYNN LAS VEGAS, et al.,

    Defendants.

2:11-CV-1649 JCM (CWH)

**ORDER**

Presently before the court is a motion for attorney's fees and costs filed by defendants Tammy Rogers and Wynn Las Vegas, LLC ("Wynn"). (Doc. # 237). Plaintiff Carolyn Conboy has filed a response (doc. # 242), to which defendants replied (doc. # 246).

Also before the court is defendants' motion to vacate (doc. # 235) plaintiff's bill of costs (doc. # 229). Plaintiff has filed a response (doc. # 239), to which defendants replied (doc. # 243).

Also before the court is plaintiff's motion for attorney's fees. (Doc. # 238). Defendants have filed a response (doc. # 241), to which plaintiff replied (doc. # 245).

**I.      Background**

In her original complaint, filed on September 19, 2011, plaintiff alleged the following claims: (1) extortion or coercion; (2) battery; (3) false imprisonment; (4) slander *per se*; (5) malicious prosecution; (6) conversion; (7) negligence; and (8) negligent hiring and training. (Doc. # 1-1).

**James C. Mahan**
**U.S. District Judge**

1  Plaintiff ultimately sought the following relief: (1) $1,750.00 in special damages; (2) over
2  $75,000.00 in general damages; (3) over $75,000.00 in punitive damages; (4) prejudgment interest;
3  (5) lawsuit costs; (6) and attorney's fees. (Doc. # 28 at 16).

4  On January 9, 2012, defendants submitted an offer of judgment in the amount of $999.00,
5  which plaintiff rejected. (Doc. # 237 at 14). On March 26, 2014, the jury returned a verdict of $500
6  against defendant Wynn, but found no liability on behalf of defendant Rogers. (*See* doc. # 232). In
7  their instant motions, defendants seek attorney's fees, taxable costs, and non-taxable costs incurred
8  in defending the underlying action. (Docs. # 237). Defendants also request that the court vacate
9  plaintiff's bill of costs. (Doc. # 235).

10  On March 31, 2014, plaintiff filed a bill of costs seeking $2448.09 for taxable costs. (Doc.
11  # 229). Plaintiff seeks attorney's fees and costs, arguing that she is the prevailing party in this suit.
12  (Doc. # 238).

13  **II.   Discussion**

14  *A.   Defendants' motion for attorneys' fees and costs*

15  Relying on the Supreme Court, the Ninth Circuit has found that a state's offer of judgment
16  rules are substantive and therefore a federal court sitting with diversity jurisdiction should follow
17  the state's offer of judgment rules. *MRO Commc'ns, Inc. v. AT&T*, 197 F.3d 1276, 1281 (9th Cir.
18  1999) (citing *Alyeska Pipeline Serv. v. Wilderness Society*, 421 U.S. 240, 259 (1975)). In that case,
19  the court specifically stated that "Nevada law permits a prevailing defendant to recover attorneys'
20  fees incurred after an offer of judgment is rejected by the plaintiff. It would be unjust and a violation
21  of the national policy described in *Erie R. Co. v. Tompkins,* 304 U.S. 64 . . . (1938)." *MRO*
22  *Commc'ns, Inc.*, 197 F.3d at 1282-83; *see also Armstrong v. Riggi*, 549 P.2d 753, 754 (Nev. 1976)
23  ("The offer of judgment rule, NRCP 68, invests the court with discretion to allow [attorney's fees
24  and costs] when the judgment obtained by the offeree is not more favorable than the offer.").

25  The Nevada Rules of Civil Procedure and the Nevada Revised Statutes provide similar offer
26  of judgment rules. *See* NRS 17.115; Nev. R. Civ. P. 68. Nev. R. Civ. P. 68 directs that when "an
27  offeree rejects an offer and fails to obtain a more favorable judgment, . . . (2) the offeree shall pay
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

the offeror's post-offer costs . . . and reasonable attorney's fees." Nev. R. Civ. P. 68(f). NRS 17.115 provides a similar discretionary penalty that allows the court to grant costs for expert witnesses. *See* NRS 17.115(4)(d).

On January 9, 2012, defendants submitted an offer of judgment in the amount of $999.00, which plaintiff rejected. (Doc. # 237 at 14). The jury awarded plaintiff $500.00 on March 26, 2014. (Doc. # 232). The court finds that plaintiff rejected an offer and failed to obtain a more favorable judgment. Further, plaintiff's argument—that attorney's fees are inappropriate because Fed. R. Civ. P. 68 makes no mention of it—fails as Nev. R. Civ. P. 68 applies. *See MRO*, 197 F.3d at 1281.

Prior to granting an award of attorney's fees, the Nevada Supreme Court directed courts to consider whether: (1) plaintiff's claims were brought in good faith; (2) defendants' offer was reasonable and in good faith considering both timing and amount; (3) whether plaintiff's decision to reject the offer and proceed was unreasonable or in bad faith; and (4) whether the fees sought are reasonable and justified. *Beattie v. Thomas*, 668 P.2d 268, 274 (Nev. 1983).

Plaintiff argues that defendants are not entitled to attorney's fees under the *Beattie* factors. (Doc. # 242 at 4). Plaintiff contends that her claims warranted six figures of damages, and merely lists other cases with large jury verdicts as support for this assertion. (Doc. # 242 at 4-5). Plaintiff states, without elaborating, that her claims were in good faith and that the jury returning a verdict of $500.00 was "actually an anomaly." (Doc. # 242 at 5). Plaintiff's arguments fail, as she has not demonstrated that her large calculations of damages were warranted by the underlying events in this case.

Here, considering the *Beattie* factors, the court finds that attorney's fees under NRCP 68 should be granted. Plaintiff's attempt to recover such a large amount in damages was based on other cases with similar causes of action, but not similar facts. (Doc. # 242 at 4-5). Defendants' offer of judgment was made at the outset of this case and the amount was reasonable considering that plaintiff's claims lacked legal merit and factual support. (*See* doc. # 246 at 4-6). Finally, plaintiff does not challenge the rates charged, but merely contends that defendants' attorneys "spent 1552.6 attorney hours in addressing a false imprisonment claim without particularly complicated facts."

James C. Mahan
U.S. District Judge

- 3 -

(Doc. # 242 at 6).

The local rules of this district require motions for attorneys fees to include additional documentary support beyond the requirements of Fed. R. Civ. P. 54(d)(2)(B) requires. *See* D. Nev. R. 54-16(b). Motions for attorney fees must be reviewed and edited, and require that the attorney authenticating the information confirm the costs charged are reasonable. *See* D. Nev. R. 54-16(c). Defendants' counsel has attached a declaration which meets the requirements set forth in Local Rule 54-16(b). (Doc. # 237 at 6).

Accordingly, defendants' motion for attorney's fees and costs pursuant to Nevada's offer of judgment rules will be granted. (Doc. # 237).

*B.     Reasonableness of attorney's fees*

Reasonable attorney's fees must be calculated using the lodestar method as set forth in *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). *See Fischer v. SJB-P.D., Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000). The court must first determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate." *Hensley*, 461 U.S. at 433. District courts have the authority "to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure" to adjust fee awards. *See Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992).

In determining the reasonableness of an hourly rate, courts consider the experience, skill, and reputation of the attorney requesting fees. *See, e.g., Webb v. Ada County*, 285 F.3d 829, 840 n.6 (9th Cir. 2002). A reasonable hourly rate should reflect the prevailing market rates of attorneys practicing in the forum community. *Id.; see also, Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984). Based on the court's knowledge and experience, it finds that the requested hourly rates of $225.00 for partners, $200.00 for associates, and $70.00 for paralegals are reasonable. *See Archway Ins. Servs., LLC v. Harris*, 2:11-CV-1173-JCM-CWH, 2014 WL 3845302 (D. Nev. Aug. 5, 2014).

Further, "[t]he party seeking an award of fees should submit evidence supporting the hours worked." *Hensley*, 461 U.S. at 433. Though the court finds the amount of time expended was generally reasonable, it will exercise its discretion in awarding the full fees sought for certain time

James C. Mahan
U.S. District Judge

- 4 -

1 entries.  Between January 9, 2012, and January 23, 2012, defendants' counsel billed $6,646.50 for various services. This time period is the span the offer of judgment was open to plaintiff.  Thus, the court finds that it should not be included in the penalty for rejection of the offer of judgment.

Accordingly, the court reduces defendants' request for an attorney's fees award in the amount of $337,516.50 by $6,646.50 and will award $330,870.00.  This amount is reasonable in light of the unusually long duration of this case, the extensive discovery, and the large number of pretrial motions briefed before the court.

    C.    *Plaintiff's motion for attorney's fees and costs/defendants' motion to vacate plaintiff's bill of costs*

Defendants' January 9, 2012, offer of judgment for $999.00 to plaintiff did not provide for an award of costs.  (Doc. # 232).  Therefore, NRS 17.115 applies.  The jury awarded plaintiff $500.00, making her the prevailing party because defendant Wynn has an legal obligation to transfer that sum.  *See Fischer*, 214 F.3d at 1118.  However, the award is below the value offered by defendants in the offer of judgment, even excluding the taxable costs plaintiff incurred during the suit. (Doc. # 232).  Therefore, plaintiff is barred by NRS 17.115 from recovering costs or attorney's fees.  *See* NRS 17.115(4) ("[I]f a party who rejects an offer of judgment fails to obtain a more favorable judgment, the court . . . [m]ay not award to the party any costs or attorney's fees.").

Accordingly, plaintiff's motion for attorney's fees and costs will be denied, and defendants' motion to vacate plaintiff's bill of costs will be granted.

**IV.   Conclusion**

Thus, the court will grant defendants' motion for attorney's fees and costs as follows: $24,033.40 in total costs (doc. # 248); and $330,870.00 in attorney's fees (docs. # 237, 246). Plaintiff's motion for attorney's fees and costs will be denied and her bill of costs will be vacated.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion for attorney's fees and costs (doc. # 237) be, and the same hereby is, GRANTED consistent with the foregoing.

**James C. Mahan**
**U.S. District Judge**

- 5 -

IT FURTHER ORDERED that defendants' motion to vacate (doc. # 235) plaintiff's bill of costs is GRANTED.

IT FURTHER ORDERED that plaintiff's motion for attorney's fees and costs (doc. # 238) is DENIED.

DATED August 18, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -